UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 02-179(3) (DWF) |
| Plaintiff, | |
| v. | |
| Anthony Ray Smith, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Anthony Ray Smith's *pro se* motion for compassionate release. (Doc. No. 231.) The United States of America (the "Government") opposes the motion. (Doc. No. 235.) The Court dismisses Smith's motion for compassionate release without prejudice because it lacks authority to consider his request.

### BACKGROUND

Smith was charged with murder in the first degree, discharge of a firearm during a crime of violence, aiding and abetting assault with intent to commit murder, assault with a dangerous weapon, aiding and abetting assault resulting in serious bodily harm, and aiding and abetting discharge of a firearm during a crime of violence on August 15, 2002. (Doc. No. 63.) He pleaded guilty to discharge of a firearm during a crime of violence and a superseding charge of murder in the second degree on October 22, 2002. (Doc. No. 111.) On December 19, 2003, this Court sentenced Smith to a 420-month term of

imprisonment to be followed by a five-year term of supervised release. (Doc. No. 153.) Smith is currently incarcerated at FCI Oakdale II with an anticipated release date of August 21, 2033. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Jan. 8, 2025).

Smith moves for compassionate release based on the length of his sentence, arguing that second degree murder is not a crime of violence, so he was improperly sentenced under 18 U.S.C. § 924(c). (Doc. No. 231 at 3-4.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the

burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.*

Here, Smith has not shown that he exhausted his administrative remedies before filing this motion. Smith moved for compassionate release on July 8, 2024. (Doc. No. 231.) He did not submit evidence demonstrating that he made a request to his warden at least 30 days prior to filing this motion. After the Government filed its response, Smith filed a letter from his warden that indicates that Smith filed a request with his warden on July 17, 2024. (Doc. No. 240-1.) Unfortunately, this request cannot satisfy the exhaustion requirement for the present motion.

A defendant must submit a request to BOP at least 30 days prior to filing a motion for compassionate release. A court cannot sit on an untimely motion for at least 30 days to avoid the statute's mandatory claim-processing rule. *See Houck*, 2 F.4th at 1084; *see*

*also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).  Further, the Eighth Circuit has declined to create any equitable exceptions to this mandatory claim-processing rule because the Supreme Court has expressly reserved that question.  *Houck*, 2 F.4th at 1084 (citing *Fort Bend County v. Davis*, 587 U.S. 541, 549 n.5 (2019)).  Thus, even though Smith attempted to later remedy his failure to exhaust administrative remedies, the Court cannot make an exception and get to the merits of the motion.  Because Smith did not submit a request to his warden prior to filing this motion, he did not exhaust his administrative remedies and his motion is not ripe for review.  The Government properly raised the exhaustion issue, (Doc. No. 235 at 4-5), so the Court must dismiss Smith's motion without prejudice.  However, the Court notes that Smith may refile his motion right away, given that he will have exhausted his administrative remedies for a subsequent motion on the same grounds.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Anthony Ray Smith's motion for compassionate release from custody (Doc. No. [231]) is **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 10, 2025            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge